NICOLE AND KESTEL J. DU POUX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Du Poux v. Commissioner
Docket No. 16224-93
United States Tax Court
T.C. Memo 1994-448; 1994 Tax Ct. Memo LEXIS 453; 68 T.C.M. (CCH) 667; September 6, 1994, Filed *453 Decision will be entered for respondent. Nicole and Kestel J. Du Poux, pro se. For respondent: Avarian R. McKendrick. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued on June 25, 1993, respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 2,735 and an addition to tax for failure to timely file under section 6651(a) in the amount of $ 295. Petitioners resided in Miami, Florida, when they filed a timely petition with this Court. The issues are whether petitioners did not report certain items of income on their 1990 Federal income tax return that was earned by petitioner Nicole Du Poux (petitioner), and whether petitioners are liable for the addition to tax under section *454 6651(a). The facts may be summarized as follows. Petitioner is a licensed practical nurse. During 1990, petitioner was employed by or received referral employment from Tri-County Home Health Care, Inc. (Tri-County); West Gables Rehabilitation Hospital (West Gables); Vista Nursing Services, Inc. (Vista); Catalano's Nurses Registry Inc. (Catalano's); and Nursefinders of South Miami (Nursefinders). Petitioners' 1990 Federal income tax return, filed on December 4, 1991, reflected wages paid by Tri-County and West Gables in the amounts of $ 80 and $ 20,539.40, respectively. Petitioners also reported profit from her nursing services business in the amount of $ 473, which represents payment from Vista. Catalano's and Nursefinders reported to respondent payments made to petitioner during 1990. Nursefinders reported $ 410 in wages, and Catalano's reported $ 9,547 in nonemployee compensation. These payments were not reflected on petitioners' return. Respondent determined that the payments should have been included on petitioners' return and issued a notice of deficiency. Respondent's determinations are presumed correct, and petitioners bear the burden of proving the determinations *455 are in error. Rule 142(a); . Petitioner does not deny that she worked for Catalano's and Nursefinders or that she was paid by them. She indicated that she must not have received the Forms W-2 and 1099-MISC; otherwise the income would have been reported. However, the failure to receive tax documents does not excuse taxpayers from the duty to report income. Section 61(a)(1) requires taxpayers to report all income from whatever source derived, including compensation from services. We uphold respondent's determination. Respondent also determined an addition to tax under section 6651(a) for petitioners' failure to timely file their 1990 Federal income tax return. Such addition is presumed correct and will be upheld unless the taxpayer presents evidence controverting its applicability. . Petitioners presented no evidence to prove that their failure to timely file the required tax return was due to reasonable cause and not due to willful neglect. We therefore sustain respondent's determination of the addition to tax. Decision will *456 be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩